United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORD EVERTT GRADY,<br><br>              Plaintiff,<br><br>   v.<br><br>ROBERT HOREL, Warden; B. SAMPLES, Correctional Counselor II; and N. GRANNIS, Chief, Inmate Appeals Branch,<br><br>              Defendants.<br>                                                                          / | No. C 07-1335 WHA (PR)<br><br>**DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, an inmate of Pelican Bay State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis.

## DISCUSSION

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

Plaintiff contends that Warden Horel "admitted" a rumor that the prison was going to put triple bunks in the gym, and when plaintiff asked about bathroom facilities – plaintiff says ventilation is inadequate – the Warden said that he would "authorize portable toilets ... along the fence line." It is obvious that the Warden simply saying this to plaintiff was not a violation of any constitutional right, so plaintiff has failed to state a claim against the Warden. Plaintiff simply has not presented a claim for relief that is "plausible on its face." *See  Twombly*, 127 S. Ct. 1955, 1986-87. It may be, however, that with the allegation of additional facts plaintiff could state a claim. The claim against Horel therefore will be dismissed with leave to amend.

As to defendant Samples, plaintiff alleges that she did not conduct an adequate investigation of his administrative appeal on the triple-bunking issue, and that defendant Grannis, head of the inmate appeals section in Sacramento, returned his appeal to him 121 days after it was sent. There is no constitutional right to an inmate grievance response or any

2

particular action. *Flick v. Alba*, 932 F.2d 728 (8th Cir. 1991) ("prisoner's right to petition the government for redress ... is not compromised by the prison's refusal to entertain his grievance."). Plaintiff has failed to state a claim against Sample and Grannis and it is clear that no amendment could save those claims, so they will be dismissed without leave to amend.

## CONCLUSION

1. Plaintiff's claims against Sample and Grannis are **DISMISSED** with prejudice.

2. Plaintiff's claims against Warden Horel are **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of these claims.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address." Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned. Petitioner also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute.

**IT IS SO ORDERED.**

Dated: October  11 , 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.07\GRADY1335.DWLTA.wpd